IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| BRANDON MARQUESE GREENE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 121-124 |
| | ) |
| JUDGE JOHN FLYTHE; INV. KYLE GOULD; MCKENZIE GRAY; JAMES TODD MITCHELL; and, DAVID V. WEBER, | ) |
| Defendants. | ) |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee at Charles B. Webster Detention Center in Augusta, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983 regarding events alleged to have occurred in Augusta, Georgia. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

I.   SCREENING OF THE COMPLAINT

   A.   BACKGROUND

Plaintiff names as Defendants Judge John Flythe, Inv. Kyle Gould, Assistant District Attorney McKenzie Gray, Public Defender James Todd Mitchell, and Attorney David V. Weber. (Doc. no. 1, p. 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of

the present screening, the facts are as follows.

On January 7, 2019, Plaintiff was a front seat passenger in his girlfriend Nakia Williams's car when Defendant Gould pulled her over for failure to use her turn signal. (Id. at 5.) Defendant Gould ran Plaintiff and Ms. William's driver's licenses and "everything came back straight." (Id.) When Defendant Gould returned Plaintiff's license, he asked him to step out of the car and searched him. (Id.) Plaintiff was arrested on the spot, but Defendant Gould did not issue a traffic citation to Ms. Williams. (Id.)

On June 19, 2019, Plaintiff was presumably incarcerated when Defendant Mitchell, his public defender, visited him for the first time to inform him that his motion to suppress hearing was rescheduled for June 20, 2019. (Id. at 5-6.) The next day, Plaintiff informed Defendant Mitchell he had reviewed body cam footage and informed Defendant Mitchell about additional footage taken by Ms. Williams. (Id. at 5.) Defendant Mitchell declined to introduce Ms. William's footage as evidence in Plaintiff's case. (Id.) At the suppression hearing on June 20, 2019, Plaintiff told Judge Flythe about his conflict with Defendant Mitchel over the footage, and Plaintiff expressed his discomfort with Defendant Mitchell's poor preparation. (Id. at 6.) Judge Flythe still held the suppression hearing, and Judge Flythe, Assistant District Attorney Gray, and Defendant Mitchell denied Plaintiff the right to introduce the body cam footage. (Id.)

In May of 2021, Ms. Williams hired Defendant Weber as Plaintiff's attorney, but she did not sign a contract or receive any receipts from Defendant Weber. (Id.) Defendant Weber asked Ms. Williams out to dinner, making her uncomfortable, but Ms. Williams declined the invitation. (Id.) Defendant Weber subsequently dropped Plaintiff as a client, but only after making a notice of appearance on May 12, 2021. (Id.)

Plaintiff asks for (1) his state criminal case to be dropped, (2) $500,000 in damages for false imprisonment and pain and suffering while in jail, (3) the disbarment of Defendants Judge Flythe, Gray, Mitchell, and Weber, and (4) $100,000 and payment of a different attorney from Defendant Weber for harassing Ms. Williams and dropping the Plaintiff as a client.

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the

defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## 2. The Court Should Abstain under the Younger Doctrine

The case should be dismissed because of the abstention doctrine. Plaintiff alleges the traffic stop leading to his arrest violated his Fifth, Eighth, and Fourteenth Amendment rights, and the state court denied him of his rights to a fair hearing, to conflict free counsel, and to introduce evidence. The charging decision is one that belongs to state authorities, and the question of whether a federal court should abstain from interfering with a state judicial proceeding under the principle of Younger v. Harris, 401 U.S. 37 (1971), must be considered in three parts: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003). Furthermore, while Younger involved a federal

4

suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, Younger abstention extends to cases involving § 1983 claims for damages. See Boyd v. Georgia, 512 F. App'x 915, 917-18 (11th Cir. 2013) (affirming dismissal without prejudice, pursuant to Younger abstention, of § 1983 complaint seeking monetary damages).

All three factors weigh in favor of abstention. First, public records indicate the underlying criminal proceedings are ongoing.[1] Public records confirm what the complaint implies; i.e., the state proceeding is ongoing. Cf. Steffel v. Thompson, 415 U.S. 452, 462 (1974) ("When no state criminal proceeding is pending at the time the federal complaint is filed, federal intervention does not result in . . . disruption of the state criminal justice system. . . .").

Second, the state proceeding implicates an important state interest in criminally prosecuting felony offenses. Absent "extraordinary circumstances," federal courts should not intervene in state criminal prosecutions. Younger, 401 U.S. at 45.

Third, Plaintiff has not established the state proceeding would fail to provide an adequate remedy for his federal claim. See 31 Foster Children, 329 F.3d at 1279. Indeed, Plaintiff can raise his illegal stop, search, and seizure issues and other Constitutional and evidentiary challenges during his criminal proceedings and on appeal. Thus, Plaintiff has not satisfied his burden of showing the state proceeding cannot provide an adequate remedy for

---

[1] See Richmond County Clerk of Court Web Docket, available at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Greene, Brandon," open 2019RCCR00608 last visited Oct. 21, 2021); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation).

5

his claims.

For these reasons, the Court should abstain from ruling under the Younger doctrine, and this case should be dismissed without prejudice. See Jackson v. Georgia, 273 F. App'x 812, 813-14 (11th Cir. 2008) (affirming *sua sponte* dismissal due to Younger abstention); Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (noting that "[a] dismissal pursuant to the Younger doctrine is without prejudice, and does not preclude later re-filing of the complaint").

### 3. Judge Flythe is Immune from Suit and Protected From Injunctive Relief

Plaintiff's claims for monetary damages against Judge Flythe are barred by judicial immunity. It is well-settled that judicial officers are entitled to absolute immunity for "actions taken . . . within the legitimate scope of judicial authority." Rehberg v. Paulk, 566 U.S. 356, 363 (2012). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

The complaint describes quintessential judicial function of presiding over criminal cases. Plaintiff alleges he received an unfair suppression hearing because Judge Flythe held the hearing despite Plaintiff's disagreement with counsel and denied Plaintiff's request to introduce certain evidence. Because Plaintiff fails to allege any facts to suggest Judge Flythe acted in the "clear absence of all jurisdiction," id. at 357, the complaint fails to state a claim for monetary damages. See Jarallah v. Simmons, 191 F. App'x 918, 920-21 (11th Cir. 2006)

6

(affirming dismissal of a complaint for failure to state a claim where judicial immunity barred a state judge's liability for damages and plaintiff failed to allege facts showing he suffered a constitutional violation).

In addition to judicial immunity, judges receive protection from injunctive or declaratory relief in claims arising under 42 U.S.C. § 1983. Tarver v. Reynolds, 808 F. App'x 752, 754 (11th Cir. 2020). For a Plaintiff to receive injunctive or declaratory relief, "the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable." Id. Additionally, there must exist an "absence of an adequate remedy at law." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000). Plaintiff alleges no violation of a declaratory decree, and other declaratory relief is available through filing for a writ of mandamus with another Georgia Superior Court requesting an order for Judge Flythe to take appropriate action in the case, or appealing any adverse ruling with the Georgia Court of Appeals. See Graham v. Cavender, 311 S.E.2d 832 (Ga 1984) (stating proper relief in Georgia for failure to take prompt judicial action is filing writ of mandamus in another state superior court); Sibley v. Lando, 437 F.3d 1067, 1074 (11th Cir. 2005).

### 4. Plaintiff Has No Claims Against Assistant District Attorney Gray and Public Defender Mitchell

Plaintiff's claims against Assistant District Attorney McKenzie Gray are subject to dismissal because her role as prosecutor entitles her to immunity. "A prosecutor is immune from liability under § 1983 for his actions 'in initiating a prosecution and in presenting the State's case,' and for actions that are 'intimately associated with the judicial phase of the criminal process.'" Mikko v. City of Atlanta, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting

7

Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)).  This absolute immunity shields prosecutors from liability for "actions taken . . . in their role as advocates."  Rehberg v. Paulk, 566 U.S. 356, 363 (2012). "The prosecutorial function includes the initiation and pursuit of criminal prosecution, and most appearances before the court . . . ." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (citations omitted).  As Plaintiff's claims against Defendant Gray rest entirely on actions taken as a prosecutor, Plaintiff fails to state a valid § 1983 claim against her.

Likewise, Plaintiff fails to state a claim against his Public Defender, Defendant Mitchell.  Public defenders "are not state actors for purposes of § 1983." Rolle v. Glenn, 712 F. App'x 897, 899 (11th Cir. 2017) (*per curiam*) (citing Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981)).  As Plaintiff's claims against Defendant Mitchell rest entirely on his actions taken as a public defender, he fails to state a valid § 1983 claim against him.

### 5. Plaintiff Has No Claim Against Defendant Weber

Plaintiff seeks damages from Defendant Weber for harassing Ms. Williams and dropping Plaintiff as a client.  However, any harassment claim would belong to Ms. Williams, who is not a party to this lawsuit.  Regardless, Plaintiff has made no argument and has presented no evidence that Defendant Weber acted under the color of law when he harassed Ms. Williams or dropped Plaintiff as a client as is required for a suit under 42 U.S.C. § 1983.  See Polk Cty. 454 U.S. at 450 (defense counsel is not a state actor).

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this this 27th day of October, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA